United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rochelle Y. Driessen, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-24816-Civ-Scola |
| ) | |
| University of Miami School of Law ) | |
| Children & Youth Clinic, Defendant. ) | |

### Order

This matter is before the Court upon an independent review of the record. The Plaintiff's motion for leave to proceed *in forma pauperis* was previously referred United States Magistrate Judge Jonathan Goodman. The Clerk is directed to **withdraw** that reference. (**ECF No. 4**.)

The Plaintiff, Rochelle Driessen, is again before the Court litigating issues related to her daughter, Brittany Oliver. *See Driessen v. University of Miami School of Law Children & Youth Law Clinic et al.*, 19-cv-21122-UU (S.D. Fla.) (the "First Action"); *Driessen v. University of Miami School of Law Children & Youth Law Clinic et al.*, 19-cv-21224-RNS (S.D. Fla.) (the "Second Action"); *Driessen v. University of Miami School of Law Children & Youth Law Clinic et al.*, 20-cv-22559-UU (S.D. Fla.) (the "Third Action") (collectively, the "Prior Actions").

The First Action came before United States District Judge Ursula Ungaro upon the filing of the Plaintiff's complaint on March 22, 2019. On March 25, 2019, the Court dismissed the Plaintiff's complaint without prejudice after finding, upon a review of the complaint pursuant to 28 U.S.C. § 1915, that the Plaintiff's complaint raised claims that were "indisputably meritless." (ECF No. 5, 19-cv-21122-UU.) Four days after Judge Ungaro dismissed the Plaintiff's complaint, the Plaintiff filed her Second Action, which came before this Court. The Court, upon review of the Plaintiff's complaint found that the Plaintiff failed to state any claims upon which relief could be granted, but gave the Plaintiff the opportunity to replead and fix deficiencies in her complaint. (ECF No. 4, 19-cv-21224-RNS.) It does not appear the Court was aware of the First Action when adjudicating the Plaintiff's complaint in the Second Action. The Plaintiff filed an amended complaint, and upon review of that complaint, the Court dismissed the Plaintiff's claims, with prejudice, finding any future amendments would be futile. (ECF No. 8, 19-cv-21224-RNS.) The Plaintiff appealed the Court's dismissal to the Eleventh Circuit, which dismissed for want of prosecution. (ECF No. 21, 19-cv-21224-RNS.) The Plaintiff next filed the Third Action on June 22, 2020, which again came before Judge Ungaro. As with the first action, Judge Ungaro

dismissed the Plaintiff's complaint, this time with prejudice, after finding once again that the complaint raised claims which rested upon "an indisputably meritless legal theory." (ECF No. 4, 20-cv-22559-UU.) On November 16, 2020, the Eleventh Circuit affirmed Judge Ungaro's rulings dismissing the Plaintiff's complaint and denying several motions for relief from judgment, pursuant to Fed. R. Civ. P. 60. *Driessen v. University of Miami School of Law Children & Youth Law Clinic*, No. 20-12562, 2020 WL 6707522 (11th Cir. Nov. 16, 2020.)

One week after the Eleventh Circuit affirmed Judge Ungaro's decision, the Plaintiff filed her fourth complaint which is now before this Court, rehashing issues raised in the Prior Actions. Indeed, the Plaintiff herself acknowledges that she has previously litigated the issues raised in the instant complaint. (ECF No. 1, at ¶ 1 ("Plaintiff filed a prior section 1983 action in the district court with constitutional claims against the University of Miami, and the State of Florida that were appealed to the 11th Circuit by the Plaintiff regarding Case No.: 1:20-cv-22559-UU . . . ."); *see also* ECF No. 1, at ¶ 4, 20-cv-22559-UU ("Plaintiff files this action as a related case to Case No.: 1-19-cv-21224-RNS . . . .") Accordingly, the Court finds that the Plaintiff's claims are barred by the doctrine of res judicata. *See Driessen v. Florida*, 401 Fed. App'x 435 (11th Cir. 2010) (finding the Plaintiff's claims in another set of lawsuits were barred by the doctrine of res judicata); *see also Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.").

Pursuant to 28 U.S.C. § 1915, a district court may dismiss an *in forma pauperis* complaint when it determines the case is frivolous. A case is frivolous "when the factual allegations are 'clearly baseless' or the legal theories are 'indisputably meritless'." Order, ECF No. 9, *Driessen v. 11th Judicial Circuit Court in and for Dade County, Fla. Juvenile Div.*, No. 12-cv-22628, at 1 (S.D. Fla. July 30, 2012) (Graham, J.) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). As the Court finds the Plaintiff's case is barred by res judicata, "the complaint is clearly baseless and indisputably meritless." *Id.* Accordingly, the Court dismisses the Plaintiff's complaint.

In light of the above, it is **ordered and adjudged** that the complaint is **dismissed with prejudice**. (**ECF No. 1**.) The Plaintiff's motion to proceed *in forma pauperis* is **denied as moot**. (**ECF No. 3**.) The **Clerk** is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on November 25, 2020.

_____
Robert N. Scola, Jr.
United States District Judge